Sigmund Schwabacher, *et al., vs.* William P. Wells, Administrator, etc.

A precipe for writ is analogous to a complaint in the District court, while the notice thereof to be served on the adverse party or his attorney, stands in the place of a summons.

By means of the former, jurisdiction is acquired of the subject matter, and of the person by the latter.

Defective service of the notice is waived by appearance.

When the defendant comes into this court, and there files a joinder of error, although the same is not contemplated by the statutes, yet it will operate as a general appearance.

No error is discovered in the action of the court below.

Error to First Judicial District holding terms at Walla Walla.

*McNaught & Leary* for plaintiff in error.

*Kennedy & George* for defendant in error.

Opinion by Lewis, Chief Justice.

Motion to dismiss.

The notice, in this cause, of filing precipe is directed to the attorneys of defendants, and service is made on them.

Motion is now filed to dismiss the writ, for the insufficiency of the notice.

It is conceded by counsel for plaintiff in error, that this notice is defective within the rule established by this court, in *Driver vs. McCallister*, but insisted that defendant in error has made a general appearance in this court.

The precipe was filed December 23rd, 1874. Transcript filed in this court June 9, 1875.

On the 7th of July, 1875, defendant in error, by his attorneys, Kennedy and George, caused to be filed, in this court, a paper which they call a joinder in error.

This paper is entitled, in the Supreme court of Washington Territory, in this cause, and speaks thus:

"Now comes said defendant, by Kennedy and George, his

attorneys, and denies," and then proceeds to deny that the court committed any of the errors assigned in the precipe.

On July 13th, the second day of this term, the defendant in error, by his attorneys, Kennedy and George, make special appearance, and move to dismiss this writ, by reason of the insufficient notice.

The only question in this cause is, whether the defendants, by filing their joinder in error, have made a general appearance in this court. On the filing of the precipe, in the District court, "the writ of error is deemed to have issued." The object of the notice is to bring defendant in error into court.

The court here acquires jurisdiction of the subject matter, when precipe is filed, of the person, when notice is served.

The precipe here stands as the complaint in the court below and the notice is the summons.

No errors are assigned in this court, but the cause is heard on the errors assigned in the precipe. The defendant may take issue on the errors so assigned, but according to the practice of this court, it is wholly unnecessary so to do.

If he elects to take issue he must do so by some written pleading filed in this court.

This may be either by a joinder in error or any pleading denying the errors assigned. The usual practice is to file a joinder in error, as in the Supreme court of the United States. 2 Abbott's Practice, 532.

The language of the precedents is: "The said W., by his attorneys, K. & G., freely comes here into court and says there is no error," etc. The language of the joinder in this cause is in substance the same.

Now at the time of filing the joinder in error, this cause was not only pending in this court, but the transcript was on file. *No notice*, such as the law required, had been served on defendant in error. He was not in court and not required to come in.

As above stated, however, it was his privilege to come in and take issue on the errors assigned. Code, Section 437.

In the District court, after complaint is filed, the defendant in the action may appear, answer or demur, and such appearance, answer or demurrer, shall be deemed a waiver of service of summons.   Code, Section 59.

So I think in this court, after precipe and transcript filed in this court, the defendant may appear and take issue, or appear generally in any manner, and the effect of such appearance is a waiver of notice.

Practically the joinder in error is an answer to the errors assigned in the precipe.

It is a general rule that appearing without objection is a waiver of formal and personal objections to the process employed to bring the defendant in.   2 Abbot's Pr., 48.

The rule adopted by Supreme court of United States seems to be that defendant may at first term, within reasonable time, move to dismiss on account of defective service, but an appearance without making such motion at first term is a waiver.   *Chaffee vs. Hayward*, 20 H., 208.

Again if appellee appeared without citation and allowed first term to pass without filing his motion to dismiss, it is too late to move at the second term.   *Buckingham vs. McLean*, 13 H., 150.

This last case seems to hold that he may make this motion at any time during first term, after an appearance, but the practice of the Supreme court of United States requires defendant in error to enter an appearance in the cause, which is done by a direction in writing to the clerk to enter such appearance, thus: "You will please enter my appearance for defendant in error in this cause."   2 Abbot's Pr., 532.

The extent to which the cases in United States courts go, would be to permit defendant to make his motion to dismiss at any time before filing any other pleading at first term.

In that court a joinder in error is necessary.   Could he file such motion after joinder filed?   I think not.   For in my view filing a joinder is an appearance to the writ and the errors assigned.

In this court I think defendant may appear by announcing such fact to the court, and cause it to be stated of record, or he may file his joinder in error, and that, by so doing, he as fully appears as if he had filed his answer in the District court.

I am of opinion, therefore, that the defendant in error by filing his joinder herein has appeared generally and thereby waived service of notice, and that the motion to dismiss comes too late.

OPINION in case.

This cause comes up for re-examination, from the First District.

The code, Section 437, directs that the court of error shall proceed to hear the cause, upon the errors assigned in the precipe.

The errors assigned in the precipe, in this case, are:

1. That the court erred, in sustaining the objection of defendant to the testimony of James D. Mix, a witness, sworn on the part of the plaintiff.

2. That the court erred, in rejecting the testimony of said James D. Mix.

3. That the court erred, in the findings of fact and conclusions of law, in said case.

The transcript is voluminous; the judge in the District court made twelve findings of fact, and this court has discovered no error in any of said findings.

The first and second errors assigned may be considered together, as they are corollaries.

We think the court properly excluded the testimony by witness Mix, on the ground that it was immaterial, and while said testimony may not be exposed to the objections urged by counsel for defendant in error, we can see no error, in its exclusion, which would justify this court in reversing the decision of the court below.

The decree of the District court is, therefore, affirmed.